1  Ronald P. Oines (State Bar No. 145016)
   roines@rutan.com
2  Sarah Van Buiten (State Bar No. 324665)
   svanbuiten@rutan.com
3  RUTAN & TUCKER, LLP
   18575 Jamboree Road, 9th Floor
4  Irvine, CA  92612
   Telephone:   714-641-5100
5  Facsimile:   714-546-9035

6  Attorneys for Plaintiff
   LOANDEPOT.COM, LLC
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 LOANDEPOT.COM, LLC, a Delaware        Case No.
   limited liability company,
12                                        **COMPLAINT FOR:**
              Plaintiff,
13                                        **1.  FEDERAL TRADEMARK
        vs.                                   INFRINGEMENT
14                                            [15 U.S.C. § 1114]**
   FLASHHOUSE LLC, an Ohio limited
15 liability company; and DOES 1-10,     **2.  FALSE DESIGNATION OF
                                             ORIGIN AND UNFAIR
16            Defendants.                     COMPETITION
                                             [15 U.S.C. § 1125(a)]**
17
                                         **3.  COMMON LAW UNFAIR
18                                           COMPETITION AND
                                             TRADEMARK INFRINGEMENT**
19
                                         **4.  UNFAIR COMPETITION
20                                           PURSUANT TO CALIFORNIA
                                             BUSINESS & PROFESSIONS
21                                           CODE SECTION 17200 ET SEQ.**

22                                        **DEMAND FOR JURY TRIAL**

23

24        Plaintiff loanDepot.com, LLC, a Delaware limited liability company

25 ("Plaintiff" or "loanDepot") alleges as follows against defendant FlashHouse LLC,

26 an Ohio limited liability company ("FlashHouse" or "Defendant") and DOES 1-10

27 (with FlashHouse, "Defendants"):

28

**Rutan & Tucker, LLP**
*attorneys at law*

## NATURE OF THE CASE

1. loanDepot seeks injunctive and monetary relief for FlashHouse's federal trademark infringement, false designation of origin, common law unfair competition and trademark infringement, and unfair competition under California Business & Professions Code section 17200, *et seq*., all of the foregoing arising from FlashHouse's unauthorized use of a trademark confusingly similar to loanDepot's federally registered trademarks, i.e., MELLO and variations thereof, for mortgage lending services and various other real estate services (the "MELLO Mark"), as well as related acts likely to amplify consumer confusion.

2. Although loanDepot has been using its MELLO Mark for more than six years, FlashHouse has recently commenced use of its confusingly similar trademark, FELLO, in connection with real estate services (the "FELLO Mark").  In an apparent effort to further confuse consumers, FlashHouse has also copied the style and look of loanDepot's MELLO Mark and mimicked other aspects of loanDepot's use of its MELLO Mark.  As a result, FlashHouse has violated, and continues to violate, the Trademark Act of 1946 as amended, 15 U.S.C. section 1051 *et seq*. (the "Lanham Act"), and California state law.  loanDepot brings this action to protect its valuable intellectual property rights.

## PARTIES

3. loanDepot is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 6561 Irvine Center Drive, Irvine, California 92618.

4. On information and belief, FlashHouse is a limited liability company organized and existing under the laws of the State of Ohio with its principal place of business at PO Box 24054, Cleveland, Ohio 44124.

5. On information and belief, FlashHouse has sold and intends to sell real estate and mortgage-related service under its FELLO Mark to consumers residing in this judicial district.  On information and belief, FlashHouse has purposefully

1   directed business activities toward consumers residing in this judicial district,

2   including, without limitation, by entering into sales contracts with residents of this

3   judicial district and directing online advertising toward residents of this judicial

4   district.  Further, on information and belief, FlashHouse operates an interactive

5   website at https://hifello.com/, through which it advertises and sells products and

6   services using the FELLO Mark to consumers residing in this judicial district.

7   Finally, on information and belief, key members of the FlashHouse leadership team

8   reside within this District, including its co-founder and President, Stephen London,

9   who resides in Los Angeles, California, and conducts business on behalf of

10  FlashHouse from that location.  By engaging in the activities set forth herein,

11  FlashHouse has purposefully availed itself of the privilege of conducting activities

12  in this forum, thereby invoking the benefits and protections of the laws of the State

13  of California, and of this judicial district in particular.

14       6.       On information and belief, each of the defendants named herein as

15  DOES 1 through 10, inclusive, performed, participated in, or abetted in some

16  manner, the acts alleged herein, proximately caused the damages alleged below, and

17  are liable to loanDepot for the damages and relief sought herein.  The identities of

18  the individuals and entities named as defendants DOES 1 through 10, inclusive, are

19  not presently known, but loanDepot will seek to amend the Complaint to identify

20  them when their names and identities have been ascertained.

21       7.       On information and belief, loanDepot alleges that, in performing the

22  acts and omissions alleged herein, and at all times relevant hereto, each of the

23  Defendants was the agent, servant, alter ego, employee, and/or successor or

24  predecessor in interest of each of the other Defendants, and was at all times acting

25  within the course and scope of such relationship, with the knowledge, approval,

26  consent, or ratification of each of the other Defendants.

27                    **JURISDICTION AND VENUE**

28       8.       This action arises under the Lanham Act, 15 U.S.C. section 1051, *et*

Rutan & Tucker, LLP
*attorneys at law*

2945/102186-0140
20209127.2 a02/08/24

*seq.*, and under California common law and statute.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338, and 15 U.S.C. section 1121, because loanDepot's claims arise, in part, under the Lanham Act.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. sections 1338(b) and 1367 over loanDepot's claims arising under the laws of the State of California.

9.     This Court has personal jurisdiction over Defendants because, on information and belief, Defendants have advertised and sold their services under the FELLO Mark to consumers residing in this judicial district, including via their interactive website at https://hifello.com/, and for the additional reasons alleged in paragraphs 5-7, *supra*, thereby invoking the benefits and protections of the laws of this judicial district.

10.     Venue is proper in the Central District of California under 28 U.S.C. sections 1391(b) and (c) because, on information and belief, a substantial part of the events, omissions and acts that are the subject matter of this action arise out of or relate to Defendants' activities within the Central District of California: namely, the advertisement and sale of goods and services under the FELLO Mark directed toward residents of this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS
## I.     loanDepot's Trademark Rights

11.     Since its launch in 2010, loanDepot has revolutionized the mortgage industry by offering a broad suite of lending and real estate services through digital technologies.  loanDepot is one of the top non-bank mortgage lenders in the United States and assists more than 27,000 customers each month.

12.     In furtherance of its dedication to customer service, loanDepot introduced a proprietary software platform that provides lending services and related services to customers nationwide, called "mello."  loanDepot's digital platform serves borrowers, sellers, realtors, and title industry professionals to improve the

Rutan & Tucker, LLP
*attorneys at law*

1  mortgage application experience and provide products related to homeownership,
2  such title and escrow services and insurance-related services, among other things.

3      13.    loanDepot first announced its intent to offer a host of services under its
4  MELLO Mark through a press release issued on March 6, 2017.  Shortly thereafter,
5  on January 23, 2018, loanDepot announced the launch of its first "mello"-branded
6  business line, called "mellohome," which would connect pre-approved homebuyers
7  with verified real estate agents in their local market and help consumers find and
8  hire home improvement and other professionals.  Next, loanDepot rolled out the
9  "mello smartloan," which digitized and streamlined the mortgage lending process.
10 Over the years, additional "mello"-formative products and services followed.

11     14.    loanDepot has consistently used its MELLO Mark and variations
12 thereof in a rounded, lowercase font, as shown below:

13
14
15  
16
17

18     15.    Furthermore, loanDepot frequently uses its MELLO Mark in
19 connection with the advertising slogan "Say 'hello' to mello" or "hello mello," with
20 one example advertisement shown below:

21
22
23
24
25
26

27 Given its use of "hello mello," loanDepot urges its consumers to contact loanDepot
28 about its "mello" services via the email address hello@mellohome.com.

16.    loanDepot owns a number of federal trademark registrations for the MELLO Mark and formatives thereof (collectively referred to herein as the "MELLO Marks"), such as those listed below:

| Mark | Date | Goods and Services |
|------|------|--------------------|
| MELLOINSURANCE SERVICES  (U.S. Reg. No. 6,342,597) | First Use: August 2020<br><br>Registered: May 4, 2021 | Class 36: Insurance agencies; insurance administration, underwriting and brokerage services in the fields of mortgage insurance, title insurance, home insurance, renter's insurance … |
| MELLO HOME (U.S. Reg. No. 6,019,466) | First Use: January 2018<br><br>Registered: March 24, 2020 | Class 35: Matching homebuyers with real estate agents; advertising and marketing services in the fields of real estate … |
| MELLO (U.S. Reg. No. 6,222,142) | First Use: October 23, 2017<br><br>Registered: December 15, 2020 | Class 36: Consumer lending services; financial services in the nature of mortgage planning and refinancing; … |
| MELLO (U.S. Reg. No. 6,029,991) | First Use: January 2019<br><br>Registered: April 7, 2020 | Class 36: [F]inancial services in the nature of mortgage lending; wholesale lending services; home equity lending services … |
| MELLO (U.S. Reg. No. 5,716,809) | First Use: July 2017<br><br>Registered: April 02, 2019 | Class 42: Software as a service (SAAS) featuring computer software for completing and managing mortgage loan applications … |
| MELLO (U.S. Reg. No. 6,050,561) | First Use: October 23, 2017<br><br>Registered: May 12, 2020 | Class 42: Platform as a service (PAAS) featuring computer software platforms for use in loan origination, mortgage lending, and loan processing … |

| Mark | Date | Goods and Services |
|------|------|--------------------|
| MELLO (U.S. Reg. No. 5,582,408) | First Use:  October 23, 2017<br><br>Registered: October 9, 2018 | Class 38: Electronic delivery of loan documents<br><br>Class 41: Providing online publications in the nature of applications concerning loans |
| MELLO SMARTLOAN (U.S. Reg. No. 6,228,596) | First Use: October 2018<br><br>Registered: December 22, 2020 | Class 36:  Financial valuations; providing information in the field of the purchase and sale of homes, condominiums and apartments; real estate listing services … |
| MELLO SMARTLOAN (U.S. Reg. No. 6,048,889) | First Use: February 2019<br><br>Registered: May 5, 2020 | Class 42:  Software as a service (SAAS) featuring computer software for completing and managing mortgage loan applications, namely, software that enables borrowers to search loan officers; … software used to monitor and maintain home repairs, home upgrades, and home maintenance and to provide related recommendations … |

True and correct copies of the certificates of registration for these MELLO Marks are attached to this complaint as **<u>Exhibit A</u>**.  The MELLO Marks are valid and subsisting and remain in full force and effect.

17.    loanDepot's MELLO Marks are inherently distinctive.  loanDepot has the exclusive right to use the MELLO Marks in interstate commerce in connection with lending and related real estate services, and loanDepot's use has been exclusive since it first adopted the MELLO Marks, with the exception of unauthorized uses such as by Defendants as described herein.

18.    Indeed, since at least as early as 2017, and long before FlashHouse

1  used any similar mark, loanDepot has continuously, prominently and exclusively

2  used its MELLO Marks to denote the source of its goods and services, including

3  mortgage lending and related real estate services, in the United States.  During this

4  period, loanDepot has committed significant amounts of time, effort and money to

5  developing a widely respected reputation in the real estate industry.  Thus, if

6  loanDepot's MELLO Marks are not inherently distinctive, then they have acquired

7  secondary meaning indicating loanDepot as the source of its high-quality goods and

8  services.  Accordingly, before the acts complained of in this Complaint, members of

9  the general consumer population recognized the MELLO Marks as exclusive source

10  identifiers for lending and related services as originating from, sponsored or

11  approved by loanDepot.

12      19.    loanDepot has widely advertised, promoted and marketed services

13  under its MELLO Marks in numerous and diverse advertising media to promote the

14  strength and renown of its MELLO Marks.  loanDepot has achieved a high level of

15  commercial success in selling products and services bearing its MELLO Marks and

16  has built a valuable reputation and substantial goodwill, with which the MELLO

17  Marks have become synonymous.

18  **II.    FlashHouse's Infringement and Unfair Competition**

19      20.    On information and belief,  FlashHouse provided real estate services

20  under the mark "FLASHHOUSE" for years, with its predecessor and assignor (the

21  now-dissolved Flashouse LLC) providing "real estate acquisition services" under

22  the FLASHHOUSE mark since November 29, 2018.  (*See* U.S. Reg. Nos.

23  6,210,926, 5,836,186.)  More specifically, on information and belief, under its

24  FLASHHOUSE mark, FlashHouse would purchase homes directly from sellers.

25      21.    Despite its years-long use of the FLASHHOUSE mark in connection

26  with real estate services, on December 2, 2021, FlashHouse filed an intent-to-use

27  application to register the FELLO Mark in connection with a range of services

28  related to real estate sales, mortgage lending, and a software platform providing a

1  myriad of realty-related services.  (*See* U.S. Serial No. 97/152,543.)  Then, on June

2  17, 2022, FlashHouse issued a press release that announced its intent to rebrand as

3  "fello," i.e., "an agent-led iBuying startup that is on a mission to improve the home

4  selling experience."

5       22.    FlashHouse's FELLO Mark for real estate services is confusingly

6  similar to loanDepot's MELLO Mark for the same services because FlashHouse has

7  only replaced the first letter of the MELLO Mark, such that the Parties' marks each

8  consist of two syllables and rhyme.

9       23.    Upon publication of the FELLO Mark, loanDepot promptly opposed its

10  registration before the Trademark Trial and Appeal Board ("TTAB") on the grounds

11  of likelihood of confusing, alleging that the FELLO Mark is confusingly similar to

12  loanDepot's MELLO Marks, and the Parties' Marks are used in connection with

13  overlapping services offered in connection with real estate and mortgage lending.

14  (*See* Opp. No. 91284044.)  Still, loanDepot brings this lawsuit because

15  FlashHouse's actual use of its FELLO Mark creates an untenable likelihood of

16  consumer confusion, for which the Opposition proceedings would not account.

17       24.    Not only does FlashHouse use a confusingly similar trademark in

18  connection with overlapping services, but its trademark stylization and marketing

19  imitate those used by loanDepot.  Like loanDepot, FlashHouse has consistently used

20  its FELLO Mark with rounded, lower-cased font, as shown below:

| FlashHouse | loanDepot |
|---|---|
|  |  |

26       25.    Furthermore, while loanDepot uses the slogan "hello mello" and

27  communicates with consumers via the email address hello@mellohome.com,

28

FlashHouse has adopted the slogan "hi fello," the domain https://hifello.com/, and the customer contact email address hello@hifello.com.  One example advertisement published by FlashHouse is shown below:



26.     Ten days after loanDepot opposed registration of the FELLO Mark, i.e., on March 31, 2022, FlashHouse registered various trade names with the Ohio Secretary of State, including "FELLO INSURANCE" and "FELLO MORTGAGE."  Thus, it is abundantly clear that FlashHouse plans to continue to conduct business in the mortgage and insurance realms under the FELLO Mark – just like loanDepot has done for years under its MELLO Marks.

27.     Furthermore, during the TTAB proceeding, FlashHouse produced confidential documentation that has reinforced loanDepot's concerns of consumer confusion and confirmed that the Parties offer overlapping services to an overlapping customer base.  Similarly, during its deposition, FlashHouse confirmed its intent to continue expanding the services that it provides within the real estate sphere.  These recent discoveries have prompted loanDepot's filing of this Complaint and corresponding request to suspend the TTAB proceeding.

28.     Defendants are not authorized to use marks confusingly similar to the MELLO Marks (such as the FELLO Mark) in connection with their goods and services.  Defendants' use of marks confusingly similar to the MELLO Marks for real estate related services is likely to cause confusion mistake and deception such

that members of the public and purchasers of clothing are likely to be confused as to the affiliation, connection or relationship between loanDepot and Defendants, and confused into believing Defendants' goods and services are endorsed or sponsored by loanDepot, when they are not. Each of these actions creates a likelihood of consumer confusion.

29.    On information and belief, Defendants' activities complained of herein constitute willful and intentional infringement of the MELLO Marks, with Defendants marketing competing services in a manner designed to trade off of the goodwill associated with loanDepot's similar services and intentionally divert potential sales of loanDepot's real estate services to FlashHouse.

30.    loanDepot seeks injunctive relief to prevent the irreparable harm that will be caused by Defendants' infringement on the MELLO Marks. Without an injunction, Defendants will continue to offer real-estate-related products and services that infringe on the MELLO Marks.

## FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement - 15 U.S.C. § 1114 Against All Defendants)**

31.    loanDepot repeats and incorporates by this reference each and every allegation above as though set forth in full.

32.    By the acts and omissions set forth above, FlashHouse and DOES 1-10 have infringed and continue to infringe loanDepot's federally registered trademark rights in violation of Section 32 of the Lanham Act, 15 U.S.C. section 1114. Defendants' conduct and use of marks confusingly similar to the MELLO Marks is likely to cause confusion, mistake and deception among the general purchasing public as to the affiliation, connection, association, origin, sponsorship or approval of Defendants' products and services, and interfere with loanDepot's ability to use its marks to indicate a single quality control source of its products and services.

33.    loanDepot has suffered, is suffering, and will continue to suffer irreparable injury for which loanDepot has no adequate remedy at law.  loanDepot is

1  therefore entitled to a preliminary and permanent injunction against further

2  infringing conduct by Defendants.

3      34.    Defendants have profited and are profiting by such infringement, and

4  loanDepot has been, and is being, damaged by such infringement.  loanDepot is

5  therefore entitled to recover damages from Defendants in an amount to be proved at

6  trial as a consequence of Defendants' infringing activities.

7      35.    Furthermore, on information and belief, Defendants have committed

8  the foregoing acts of infringement with full knowledge of loanDepot's prior rights in

9  the MELLO Marks and with the willful intent to cause confusion and trade on

10  loanDepot's goodwill.  Given the willfulness of Defendants' conduct, loanDepot is

11  entitled to recover treble damages and its attorneys' fees under 15 U.S.C. section

12  1117.

13                   **SECOND CLAIM FOR RELIEF**

14  **(False Designation of Origin and Unfair Competition - 15 U.S.C. § 1125(a)**

15                   **Against All Defendants)**

16      36.    loanDepot repeats and incorporates by this reference each and every

17  allegation above as though set forth in full.

18      37.    The acts of Flashhouse and DOES 1-10 as alleged herein also constitute

19  false designation of origin and unfair competition in violation of Lanham Act

20  section 43(a), 15 U.S.C. section 1125(a).

21      38.    Defendants' aforesaid advertising, offering for sale, and sale of goods

22  and services bearing the FELLO Mark is likely to cause confusion, or to cause

23  mistake, or to deceive as to the affiliation, connection, or association of Defendants

24  with loanDepot, or as to the origin, sponsorship, or approval of Defendants' goods

25  and services, in that purchasers are likely to believe that loanDepot authorizes or

26  controls the advertising, offering, or sale of Defendants' goods described above.

27      39.    Defendants' use in commerce of marks confusingly similar to the

28  MELLO Marks in connection with Defendants' goods and services constitutes a

Rutan & Tucker, LLP
*attorneys at law*

false designation of the origin and/or sponsorship of such goods, and falsely describes and represents such goods.

40.     Defendants' conduct constitutes unfair competition that has violated, and unless restrained and enjoined by this Court will continue to violate, loanDepot's trademark rights, and will cause irreparable harm, damage, and injury to loanDepot's goodwill and business reputation.

41.     Similarly, if Defendants' conduct is not restrained and enjoined by this Court, then loanDepot will be irreparably injured as a result of Defendants' infringement and wrongful acts, circumstances as to which loanDepot has no adequate remedy at law.  loanDepot is therefore entitled to a permanent injunction against further infringing and unlawful conduct by Defendants.

42.     Defendants have profited and are profiting by such infringement and loanDepot has been and is being damaged by such infringement.  loanDepot is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing and unlawful activities.

43.     Furthermore, on information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with loanDepot, such that loanDepot is entitled to recover treble damages and its attorneys' fees under 15 U.S.C. section 1117.

## THIRD CLAIM FOR RELIEF

### (Common Law Unfair Competition and Trademark Infringement Against All Defendants)

44.     loanDepot repeats and incorporates by this reference each and every allegation above as though set forth in full.

45.     The actions and conduct of FlashHouse and DOES 1-10 as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendants with loanDepot, and as to origin

1  of Defendants' goods and services, and loanDepot's apparent sponsorship or

2  approval of Defendants' goods and services.

3        46.    Defendants' unauthorized actions and conduct as alleged herein

4  constitute unfair competition under California common law and direct infringements

5  of loanDepot's federal trademarks in violation of California common law.

6        47.    Defendants, unless restrained and enjoined by this Court, will continue

7  to cause irreparable harm, damage and injury to loanDepot, including but not limited

8  to injury to loanDepot's goodwill and business reputation.

9        48.    loanDepot has suffered, is suffering, and will continue to suffer

10  irreparable injury for which loanDepot has no adequate remedy at law.  loanDepot is

11  therefore entitled to a permanent injunction against further infringing conduct by

12  Defendants.

13                    **FOURTH CLAIM FOR RELIEF**

14        **(Unfair Competition – Cal. Business & Professions Code § 17200)**

15        49.    loanDepot repeats and incorporates by this reference each and every

16  allegation above as though set forth in full.

17        50.    Defendants' conduct and actions as alleged herein, including without

18  limitation Defendants' trademark infringement in using a trademark confusingly

19  similar to loanDepot's MELLO Marks to provide competing real estate services and

20  to confuse consumers, constitutes unlawful and unfair trade practices and unfair

21  competition in violation of California Business and Professions Code Section

22  17200, *et seq.* and have no valid or legitimate purpose except to benefit Defendants

23  at loanDepot's expense.

24        51.    loanDepot is entitled to restitutionary damages and because Defendants

25  are likely to continue with their unlawful conduct absent an injunction, loanDepot is

26  entitled to a preliminary and permanent injunction.

27                          **PRAYER**

28        WHEREFORE, loanDepot prays for an order and judgment against

Defendants, and each of them, as follows:

1.     That Defendants, and each of them, their owners, partners, agents, servants, distributors, affiliates, employees, representatives, and all those in privity or acting in concert with Defendants or on their behalf, be permanently enjoined and restrained from, directly or indirectly:

a.     Selling, offering to sell, advertising, displaying, or using the MELLO Marks, any mark confusingly similar thereto, including without limitation the FELLO Mark or any other mark similar thereto, alone or in combination with other words, names, styles, titles, designs or marks in connection with the sale, advertising, marketing and promotion of real-estate-related services;

b.     Using in any other way any other mark or designation so similar to the MELLO Marks as to be likely to cause confusion, mistake or deception as to an affiliation, connection, sponsorship or endorsement of Defendants and/or their products or services by or with loanDepot;

c.     Representing or implying that Defendants are in any way sponsored by, affiliated with, endorsed by or licensed by loanDepot;

d.     Using any words, names, designs, titles or marks that create a likelihood of injury to the business reputation of loanDepot and the goodwill associated therewith;

2.     For an order requiring Defendants to file with the Clerk of this Court and serve loanDepot, within thirty (30) days after the entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with 1 through 2 above;

3.     For an award of Defendants' profits and loanDepot's damages according to proof at trial;

4.     For an order requiring Defendants to account for and pay to loanDepot all gains, profits and advantages derived by Defendants from the unlawful activities alleged herein, and/or as a result of unjust enrichment;

5. For an award of pre- and post-judgment interest at the highest rate allowed by law;

6. For treble damages under 15 U.S.C. § 1117(b);

7. For an award of loanDepot's attorneys' fees, costs and expenses, including but not limited to expert witness fees, incurred in this action; and

8. For such further relief as this Court shall deem just and proper.

Dated: February 9, 2024

RUTAN & TUCKER, LLP
RONALD P. OINES
SARAH VAN BUITEN

By: _____

Ronald P. Oines
Attorneys for Plaintiff
LOANDEPOT.COM, LLC

Rutan & Tucker, LLP
attorneys at law

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

loanDepot hereby demands a jury trial in this action.

Dated:  February 9, 2024

RUTAN & TUCKER, LLP
RONALD P. OINES
SARAH VAN BUITEN

By:

Ronald P. Oines
Attorneys for Plaintiff
LOANDEPOT.COM, LLC

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# MELLO

**Reg. No. 6,222,142**

**Registered Dec. 15, 2020**

**Int. Cl.: 36**

**Service Mark**

**Principal Register**

loanDepot.com, LLC  (DELAWARE LIMITED LIABILITY COMPANY)
26642 Towne Centre Drive
Foothill Ranch, CALIFORNIA 92610

CLASS 36: Consumer lending services; financial services in the nature of mortgage planning and refinancing; financial services, namely, providing advisory services via a global computer network; providing a website featuring personal financial information and financial advice; credit consultation; financial advice and consultancy services

FIRST USE 10-23-2017; IN COMMERCE 10-23-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-367,502, FILED 03-10-2017



Director of the United States
Patent and Trademark Office



---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO).  The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO.  To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# MELLO

**Reg. No. 5,716,809**

**Registered Apr. 02, 2019**

**Int. Cl.: 42**

**Service Mark**

**Principal Register**

loanDepot.com, LLC  (DELAWARE LIMITED LIABILITY COMPANY)
26642 Towne Centre Drive
Foothill Ranch, CALIFORNIA 92610

CLASS 42: Software as a service (SAAS) featuring computer software for completing and managing mortgage loan applications, namely, software that enables borrowers to search loan officers; software as a service (SAAS) featuring computer software for managing consumer and mortgage lending, namely, software that enables lenders to perform income, employment and asset verification of borrowers, record calls to borrowers, extend loan offers, re-price loans and approve loans; software as a service (SAAS) featuring computer software for completing and managing personal loans, namely, software that enables borrowers to apply for a loan, upload information, accept loan packets, manage loans, sign and submit documents, communicate with lenders, and arrange for automatic deposits of loan proceeds

FIRST USE 7-00-2017; IN COMMERCE 7-00-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-678,338, FILED 11-09-2017



Director of the United States
Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# United States of America
## United States Patent and Trademark Office

# MELLO HOME

**Reg. No. 6,019,466**

**Registered Mar. 24, 2020**

**Int. Cl.: 35**

**Service Mark**

**Principal Register**

loanDepot.com, LLC  (DELAWARE LIMITED LIABILITY COMPANY)
26642 Towne Centre Drive
Foothill Ranch, CALIFORNIA 92610

CLASS 35: Matching homebuyers with real estate agents; advertising and marketing services in the fields of real estate, consumer goods and consumer services; on-line advertising and marketing services in the fields of real estate, consumer goods and consumer services; providing information in the field of consumer goods for home maintenance, decoration and sales, and consumer services relating to real estate; operating an online marketplace for sellers and buyers of goods and/or services in the field of home improvement; Providing an online directory of businesses in the home improvement field; providing online reviews and ratings for home improvement related goods and services providers; operating marketplaces for sellers of goods and services in the field of real estate; operating marketplaces for sellers of goods and services in the fields of apartments and residential rentals

FIRST USE 1-00-2018; IN COMMERCE 1-00-2018

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "HOME"

SER. NO. 87-845,181, FILED 03-22-2018



Director of the United States
Patent and Trademark Office



---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# MELLO

**Reg. No. 5,582,408**

**Registered Oct. 09, 2018**

**Int. Cl.: 38, 41**

**Service Mark**

**Principal Register**

loanDepot.com, LLC  (DELAWARE LIMITED LIABILITY COMPANY)
26642 Towne Centre Drive
Foothill Ranch, CALIFORNIA 92610

CLASS 38: Electronic delivery of loan documents

FIRST USE 10-23-2017; IN COMMERCE 10-23-2017

CLASS 41: Providing online publications in the nature of applications concerning loans

FIRST USE 10-23-2017; IN COMMERCE 10-23-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-976,325, FILED 03-10-2017



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# United States of America
## United States Patent and Trademark Office

# MELLO

**Reg. No. 6,050,561**

**Registered May 12, 2020**

**Int. Cl.: 42**

**Service Mark**

**Principal Register**

loanDepot.com, LLC  (DELAWARE LIMITED LIABILITY COMPANY)
26642 Towne Centre Drive
Foothill Ranch, CALIFORNIA 92610

CLASS 42: Platform as a service (PAAS) featuring computer software platforms for use in loan origination, mortgage lending, and loan processing; software as a service (SAAS) featuring computer software for completing and managing mortgage loan applications, namely, software that enables borrowers to complete income, employment and asset verification, submit mortgage loan applications for approval, manage loans, sign and submit documents, and communicate with lenders; software as a service (SAAS) featuring computer software for managing consumer and mortgage lending, namely, software that enables lenders to communicate with borrowers and manage applications

FIRST USE 10-23-2017; IN COMMERCE 10-23-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-978,781, FILED 11-07-2017



Director of the United States
Patent and Trademark Office



**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years  after  the  registration  date.  See  15  U.S.C.  §§1058,  1141k.  If  the  declaration  is  accepted,  the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You  must  file  a  Declaration  of  Use  (or  Excusable  Nonuse)  and  an  Application  for  Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally  issued  registrations.  See  15  U.S.C.  §§1058,  1141k.  However,  owners  of  international  registrations do  not  file  renewal  applications  at  the  USPTO.  Instead,  the  holder  must  file  a  renewal  of  the  underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# MELLO

**Reg. No. 6,029,991**

**Registered Apr. 07, 2020**

**Int. Cl.: 36**

**Service Mark**

**Principal Register**

loanDepot.com, LLC  (DELAWARE LIMITED LIABILITY COMPANY)
26642 Towne Centre Drive
Foothill Ranch, CALIFORNIA 92610

CLASS 36: Arranging of loans; financial services, namely, money lending, loan processing, loan servicing; financial services in the nature of mortgage lending; wholesale lending services; home equity lending services; electronic loan origination services; financial services, namely, providing everyday personal financial information via a global computer network; providing educational information and consultation regarding everyday financial matters via a global computer network

FIRST USE 1-00-2019; IN COMMERCE 1-00-2019

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 88-076,604, FILED 08-13-2018



Director of the United States
Patent and Trademark Office



---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# United States of America
## United States Patent and Trademark Office

# MELLO SMARTLOAN

**Reg. No. 6,228,596**
**Registered Dec. 22, 2020**
**Int. Cl.: 36**
**Service Mark**
**Principal Register**

loanDepot.com, LLC  (DELAWARE LIMITED LIABILITY COMPANY)
26642 Towne Centre Drive
Foothill Ranch, CALIFORNIA 92610

CLASS 36: Financial valuations; providing information in the field of the purchase and sale of homes, condominiums and apartments; real estate listing services; financial research services in the field of real estate; arranging of loans; financial services, namely, money lending, loan processing, loan servicing; financial services in the nature of mortgage lending; wholesale lending services; home equity lending services; electronic loan origination services; financial services, namely, providing everyday personal financial information via a global computer network; providing educational information and consultation regarding everyday financial matters via a global computer network; commercial and consumer lending services; financial services in the nature of mortgage planning and refinancing; financial services, namely, providing advisory services via a global computer network; providing a website featuring personal financial information and financial advice

FIRST USE 10-00-2018; IN COMMERCE 10-00-2018

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 88-161,686, FILED 10-19-2018

Director of the United States
Patent and Trademark Office



---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO).  The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# United States of America
## United States Patent and Trademark Office

# MELLO SMARTLOAN

**Reg. No. 6,048,889**

**Registered May 05, 2020**

**Int. Cl.: 42**

**Service Mark**

**Principal Register**

loanDepot.com, LLC  (DELAWARE LIMITED LIABILITY COMPANY)
26642 Towne Centre Drive
Foothill Ranch, CALIFORNIA 92610

CLASS 42: Software as a service (SAAS) featuring computer software for completing and managing mortgage loan applications, namely, software that enables borrowers to search loan officers; software as a service (SAAS) featuring computer software for managing consumer and mortgage lending, namely, software that enables lenders to perform income, employment and asset verification of borrowers, record calls to borrowers, extend loan offers, re-price loans and approve loans; software as a service (SAAS) featuring computer software for completing and managing personal loans, namely, software that enables borrowers to apply for a loan, upload information, accept loan packets, manage loans, sign and submit documents, communicate with lenders, and arrange for automatic deposits of loan proceeds; Software as a service (SAAS) in the field of home management, namely, software used to monitor and maintain home repairs, home upgrades, and home maintenance and to provide related recommendations; software as a service (SAAS) for providing mortgage information, analysis, and advice in the fields of mortgage lending, home equity lending, title and escrow fees, financial information related to the purchase, sale, or rental of real estate, mortgage quotes, confirming lender availability and interest, and for reviewing and rating lenders and mortgage professionals

FIRST USE 2-00-2019; IN COMMERCE 2-00-2019

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 88-316,753, FILED 02-26-2019

Director of the United States
Patent and Trademark Office



---

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# United States of America
## United States Patent and Trademark Office

## MELLOINSURANCE SERVICES

**Reg. No. 6,342,597**
**Registered May 04, 2021**
**Int. Cl.: 36**
**Service Mark**
**Principal Register**

loanDepot.com, LLC  (DELAWARE LIMITED LIABILITY COMPANY)
26642 Towne Centre Drive
Foothill Ranch, CALIFORNIA 92610

CLASS 36: Insurance agencies; insurance administration, underwriting and brokerage services in the fields of mortgage insurance, title insurance, home insurance, renter's insurance, auto insurance, boat insurance, RV insurance, motorcycle insurance, vehicle insurance, fire insurance, flood insurance, life insurance, health and critical illness insurance, long term care insurance, earthquake insurance, natural disaster insurance, and accident insurance; property insurance and casualty insurance underwriting; Issuance and administration of property insurance and casualty insurance; insurance brokerage services; insurance and financial information and consultancy service; insurance brokerage

FIRST USE 8-00-2020; IN COMMERCE 8-00-2020

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "SERVICES"

SER. NO. 88-630,759, FILED 09-25-2019





Performing the Functions and Duties of the
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.